UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

DAVID MICHAEL SUDROFF,

    Plaintiff,

    v.

THE FAMILY & SOCIAL SERVICES
ADMINISTRATION,

    Defendant.

Case No. 2:24-CV-00312-GSL-APR

## OPINION AND ORDER

This matter is before the Court on Plaintiff Sudroff's Civil Complaint [DE 1] and Motion to Proceed in Forma Pauperis [DE 2]. For the following reasons the Court denies Defendant's motion and dismisses the complaint without prejudice.

## DISCUSSION

Generally, parties instituting a civil action in federal court must pay a filing fee to the clerk of that court. 28 U.S.C. § 1914(a). An exception to that rule applies to indigent parties, who may commence an action in federal court, without prepaying the filing fee, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Here, Plaintiff's motion includes income and asset information that establishes that he is unable to prepay the filing fee. Therefore, Plaintiff's financial eligibility for instituting the instant action *in forma pauperis* is satisfied.

In addition to determining financial eligibility, the Court must also screen out complaints that fail to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The standard for dismissing a claim in an *in forma pauperis* petition is the same standard as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Coleman v. Lab. &*

*Indus. Rev. Comm'n of Wisconsin*, 860 F.3d 461, 468 (7th Cir. 2017) ("[T]he action under section 1915 is just as much an adjudication of the legal sufficiency of the complaint as a comparable decision under Rule 12(b)(6) . . . ."). To survive dismissal under Rule 12(b)(6),

> a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). However, "the pleading standards for pro se plaintiffs are considerably relaxed." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013).

Plaintiff alleges that Defendant, which administers Indiana's Medicaid program, "messed up" his health insurance. [DE 3]. These problems arose after Plaintiff underwent shoulder surgery and required physical therapy afterwards. Because of the alleged issues with his health insurance, Plaintiff claims that he was unable to continue physical therapy, which thereby caused his physical condition to deteriorate after his surgery, required him to undergo two additional surgeries and multiple other medical procedures, and now has left him with several other medical complications. [*Id.*]. Plaintiff's complaint does not identify the legal basis for his claim, but the Court notes that similar claims against this Defendant have been brought under 42 U.S.C § 1983. *See Bontrager v. Indiana Fam. & Soc. Servs. Admin.,* 697 F.3d 604, 606–607 (7th Cir. 2012).

Section 1983 claims are subject to the statute of limitations for personal injury actions in the state in which the alleged injury occurred. *Behavioral Institute of Indiana, LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). In Indiana, the statute of limitations for a § 1983 claim is two years. *Id.* A § 1983 claim accrues when the plaintiff "knows or should know that his or her constitutional rights have been violated." *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992). A court determines this date by first identifying the injury and then

determining the date the plaintiff could have sued for that injury. *Behavioral Institute*, 406 F.3d at 929. "That date should coincide with the date the plaintiff 'knows or should have known' that his rights were violated." *Id.* (*quoting Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1992)).

Here, Plaintiff's cause of action accrues in the beginning of 2016. This is when Plaintiff was informed that his health insurance would be discontinued—the alleged violation of his constitutional rights. At that point, Plaintiff should have known that his rights were violated, and he could have sued for that violation. Plaintiff filed the instant action over eight years after the alleged injury—far past the two-year statute of limitations for § 1983 claims. Therefore, his claim is time barred and fails to state a proper claim upon which relief may be granted.

## CONCLUSION

For these reasons, the Clerk is ORDERED to DISMISS the complaint WITHOUT PREJUDICE pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). Additionally, the Motion to Proceed in Forma Pauperis [DE 2] is DENIED.


SO ORDERED.

ENTERED: November 20, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court